IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED FINANICIAL CASUALTY COMPANY,

    Plaintiff,

v.                                                                                      Cause No.

A&R SERVICES, LLC; TODD M. LOPEZ, as Personal
Representative of the Estate of ALBERTO
ALVAREZ, JR., Decedent; SANDRA ANCHONDO,
Individually and as Next Friend of A.A., a minor;
ANAHY ALVAREZ ANCHONDO; and SUSAN PATTEN,
As Personal Representative of the Estate of ISRAEL
MARTINEZ, Decedent; MARY MARTINEZ,
Individually and as Next Friend of M.M., A.O.M., and
I.M.J., minor children; and NITTY DANIELLA MARTINEZ,
SPUR ENERGY PARTNERS, L.L.C.; MICHAEL
BISHOP, Individually and as agent for Spur
Energy Partners; DOUGLAS BORING, Individually
And as agent for Spur Energy Partners, KIPPER FOLMAR,
Individually and as agent for Spur Energy Partners, and RENE
QUINTANA, Individually and as agent of SDS Petroleum
Consultants, LLC; GRAVITY OILFIELD SERVICES, L.L.C.;
SDS PETROLEUM CONSULTANTS, LLC.; JOHN DOES I-V;
JANE DOES VI-X; BLACK AND WHITE CORPORATIONS
XI-XV; ABC PARTNERSHIPSXVI-XX and XYZ
ORGANIZATIONS XXI-XXV,

    Defendants.

### <u>COMPLAINT OF UNITED FINANCIAL CASUALTY COMPANY FOR DECLARATION OF RIGHTS UNDER A POLICY OF INSURANCE</u>

COMES NOW United Financial Casualty Company (UFCC), by and through Cuddy &

McCarthy, LLP, and hereby seeks declaratory relief pursuant to the Federal Declaratory Judgment

Act (28 U.S.C. § 2201 (a)) and the New Mexico Declaratory Judgment Act (NMSA 1978 § § 44-

6-1, et seq.). As grounds, UFCC states:

JURISDICTIONAL ALLEGATIONS

1.      This is an action of a civil nature in which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a) (1) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

2.      The subject of this declaratory judgment action is an actual controversy between the parties regarding the availability of insurance coverage under a commercial auto and commercial general liability policy issued by UFCC to A&R Services, LLC.

3.      UFCC is a non-resident insurance company, incorporated in the state of Ohio with its principal place of business in Ohio and is authorized to sell insurance products in the State of New Mexico. UFCC is a resident and citizen of the state of Ohio.

4.      Upon information and belief, Defendant Spur Energy Partners, LLC (Spur), is a Delaware limited liability company with its principal place of business in Houston, Texas. Spur is a resident and citizen of the state of Texas. None of the members of Spur are residents or citizens of the state of Ohio.

5.      Upon information, Defendant, Michael Bishop, is a resident and citizen of New Mexico and was the construction manager and facility superintendent for Spur.

6.      Upon information, Douglas Boring, is a resident and citizen of New Mexico and was the production foreman for Spur at all material times.

7.      Upon information, Kipper Folmar is a resident and citizen of New Mexico and was the production foreman for Spur at all material times.

8.      Upon information, Defendant Rene Quintana is a citizen and resident of the State of Texas and was the drilling supervisor for Spur at all material times.

9.     Upon information, Defendant Gravity Oil Field Services, LLC (Gravity) is a Texas limited liability company registered to do business in the State of New Mexico. Gravity is a resident and citizen of the state of Texas. Upon information, none of Gravity's limited liability company members are residents of the state of Ohio.

10.    Upon information, Todd Lopez, as the wrongful death personal representative for the Estate of Alberto Alvarez, Jr., is a resident and citizen of the state of New Mexico.

11.    Upon information, decedent Alberto Alvarez, Jr. was a citizen and resident of the state of New Mexico.

12.    Upon information, Susan Patten is the duly appointed wrongful death personal representative for the Estate of Israel Martinez and is a resident and citizen of the state of New Mexico.

13.    Upon information, decedent Israel Martinez was a resident and citizen of the state of New Mexico.

14.    Upon information, Anahy Alvarez Anchondo and A.M., are residents and citizens of the state of New Mexico.

15.    Upon information, Sandra Anchondo is the surviving spouse of Alberto Alvarez and is a resident and citizen of the state of New Mexico.

16.    Upon information, Nitty Daniela Martinez, M.M., A.O.M., and I.M.J. are the surviving children of Israel Martinez and residents and citizens of the state of New Mexico.

17.    Upon information, Mary Martinez is the surviving spouse of Israel Martinez, mother of Nitty Daniela Martinez, and mother and Next Friend of M.M., A.O.M., and I.M.J. and is a resident and citizen of the state of New Mexico.

18.     Upon information, SDS Petroleum Consultants, LLC, (SDS) is a Texas Limited Liability Company, doing business in the state of Texas and is a resident and citizen of Texas. Upon information, none of the members of SDS are residents of the state of Ohio.

19.     A&R Services, LLC (A&R) is a New Mexico Limited Liability Company, doing business in the state of New Mexico and is a resident and citizen of the state of New Mexico. Upon belief, none of the members of A&R are residents of the state of Ohio.

20.     All Defendants in this suit are joined because they are necessary parties pursuant to *Gallegos v. Nevada Gen. Ins. Co*., 2011-NMCA-004.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) (1) because UFCC is a resident and citizen of the state of Ohio and all Defendants are residents and citizens of states other than Ohio and the events giving rise to the claims occurred in New Mexico.

22.     Pursuant to 28 U.S.C. § 2201 (a), this Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

### FACTUAL ALLEGATIONS

23.     This Complaint arises out of the filing of a First Amended Complaint for Damages Arising From Wrongful Death filed in the State of New Mexico, County of Satna Fe, First Judicial District under case No. D-101-cv-2022-02140 arising from wrongful death after decedent's Alberta Alvarez, Jr. (Alvarez) and Israel Martinez (Martinez) were killed on June 26, 2022, allegedly as a result of the negligence of the named Defendants in this suit. (Underlying suit).

24.     In the underlying suit, Plaintiffs have named, as Defendants, Spur, along with various employees or contractors working on its behalf at an oil well site located in Lovington,

NM. The Complaint in the underlying suit alleges that Spur contracted with non-party A&R Services, LLC to clean frac tanks so that they could be relocated by Gravity . During the course of their work, Alvarez and Martinez died as a result of asphyxia by hydrogen sulfide inhalation while cleaning out certain frac tanks owned, operated, and in the control of Spur. The allegations in the Complaint are that the frac tanks fluid contained hydrogen sulfide with the tanks having been connected or manifolded together to form a "common interconnected vapor space in the tanks."

25.     The wrongful death Complaint alleges various forms of negligence against Spur and other Defendants and prays for damages under the Wrongful Death Act to include associated loss of consortium claims.

26.     UFCC is defending Spur as an additional insured through the policy under a reservation of rights, issued on March 18, 2024. (*Attached* as Exhibit "A").

27.     UFCC issued a commercial auto policy under Policy No. 04135669 (Form NM 6912 Edition 02/19) to A&R Services, LLC for the policy period of 12/20/2021 to 12/20/2022. (See, *attached* Exhibit "B" Policy Declarations and material portions of the policy language).

28.     The policy provides coverage to its insureds on an "occurrence" basis for, among other coverages, bodily injury to which the insurance applies. The policy contains both general liability and commercial auto coverage parts.

29.     Under the commercial auto part, UFCC promises to pay damages, other than punitive or exemplary damages, for "bodily injury" for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of [an] insured auto.

5

30.    Material to this suit, the UFCC policy contains certain exclusions which may apply to avoid any duty of defense or indemnity to any claimed insured in this suit. These include, but are not limited to, the following:

> …
> 2. Contractual
>
> Any liability assumed by an insured under any contract or agreement, unless the agreement is an insured contract that was executed prior to the occurrence of any bodily injury…"
> However, this exclusion does not apply to liability for damages that an insured would have in absence of the contract or agreement.
> …
>
> 5. Employee Indemnification and Employer's Liability
>
> Bodily injury to:
>
> a.    An employee of any insured arising out of or within the course of:
>     1. That employee's employment by any insured; or
>     2. Performing duties related to the conduct of any insured business;
> …
> This exclusion applies:
>
> a.    Whether the insured may be liable as an employer or in any other capacity; and
> b.    Any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> 6. Fellow Employee
>
> Bodily injury to:
>
> a.    A fellow employee of an insured injured while in the course of their employment or while performing duties related to the conduct of your business.
> …
>
> 10. Pollution
>
> Bodily injury…resulting from or caused by the actual, alleged or threatened discharge, dispersal, seepage, migration, release, or escape of any pollutants:
>
> a.    That are, or that are contained in any property that is:

6

1. Being transported or towed by, handled, or handled for movement into, onto or from the insured auto.
2. Otherwise in the course of transit by or on behalf of the insured; or
3. Being stored, disposed of, treated or processed in or upon the insured auto;

b. Before the pollutants or any property in which the pollutants are contained are moved from the place where they are accepted by the insured for movement into or onto the insured auto; or

c. After the pollutants or any property in which the pollutants are contained are moved from the insured auto to the place where they are finally delivered, disposed of, or abandoned by the insured.

The above paragraph a of this exclusion does not apply to fuels, lubricants, fluids, exhaust gases, or other similar pollutants that are needed for or result from the normal electrical, hydraulic, or mechanical functioning of the insured auto if:

1. The pollutants escape, seep, migrate, or are discharged, dispersed, or released directly from an insured auto part designed by its manufacturer to hold, store, receive or dispose of such pollutants and is a part that would be required for the customary operation of the insured auto; and
2. The bodily injury…does not arise out of the operation of any equipment listed in paragraphs b and c of the definition of auto.

The paragraphs b and c of this exclusion do not apply to accidents that occur away from premises owned by or rented to an insured with respect to pollutants not in or upon an insured auto if:

1. The pollutants or any property in which the pollutants are contained are upset, overturned, or damaged as a result of the maintenance or use of the insured auto; and
2. With the discharge, dispersal, seepage, migration, release or escape of the pollutants is caused directly by such upset, overturn, or damage.

…

13. Operations

Bodily injury…arising out of the operation of:

a. Any equipment listed in paragraphs b and c of the definition of auto; or
b. Machinery or equipment that is on, attached to, or part of a land vehicle that meets the definition of mobile equipment.

7

31.    The commercial general liability coverage part is also standard occurrence-based coverage for bodily injury claims which the insurance applies. The commercial general liability part contains the following material exclusions:

> …
> 2.. Contractual Liability.
>
> Bodily injury for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damagers:
>
> a.   That the insured would have in the absence of the contract or agreement.
> …
>
> 5 Employer's Liability
>
> Bodily injury to:
>
> a.    An employee of any insured arising out of or within the course of:
>     1.   That employee's employment by any insured; or
>     2.   Performing duties related to the conduct of any insured's business; or
> b.    The spouse, child, parent, brother or sister of that employee as a consequence of paragraph a above. This exclusion applies:
>     a.   Whether the insured may be liable as an employer or in any other capacity; and
>     b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an insured contract.
>
> 6 Aircraft, Auto or Watercraft
>
> Bodily injury…arising out of:
>
> a.    The ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by, or rented, leased or loaned to, any insured; or
> b.    Any auto you do not own, lease, hire, rent or borrow that is used in connection with your business.
> …

10 Pollution

Bodily injury…that would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants at any time.

32.     Although the UFCC policy was issued to its named insured, A&R Services, LLC, UFCC believes Spur takes the position that it is either an additional insured under the policy or entitled to insured status and a full defense and indemnification under a Master Service Contract dated January 8, 2020, entered between Spur and non party A&R Services, LLC. (See, *attached* as Exhibit "C", MSA). UFCC disagrees with Spur's position as to coverage, either as an additional insured or under the MSA entered between it and A&R Services, LLC.

33.     UFCC takes the further position that even if Spur and its employees/contractors are considered insured under the subject policy, the terms of the insuring agreement or any or all of the exclusions identified in the commercial auto and/or the commercial general liability coverage parts  exclude coverage under the factual allegations and other circumstances in the underlying suit such that any coverage for purposes of defense or indemnity would be void. UFCC believes an actual controversy exists between it and the Defendants as to whether (a) Spur and its employees/contractors are entitled to coverage under the UFCC policy and, assuming so, (b) whether the policy terms, as applied to the factual allegations and other circumstances in the underlying Complaint trigger any duty of defense or indemnity.

34.     Pursuant to the New Mexico Declaratory Judgment Act and the Federal Declaratory Judgment Act, an actual controversy exists in the circumstances, and the Court may enter relief necessary to declare the rights and obligations of the parties such as presented here, under the UFCC policy issued to A&R Services, LLC. As such, UFCC seeks a declaration from this Court

that it owes no coverage to Defendants whether by way of any further defense and/or indemnity in the underlying suit.

35. Without declaratory relief, UFCC will incur damages as a result of the uncertainty concerning the nature and extent of its obligations, if any, to Spur and others in connection with the underlying suit.

36. UFCC is entitled to a declaration of its rights and obligations, if any, to Spur and others with respect to the underlying suit.

37. UFCC reserves the right to assert a claim for reimbursement of defense costs at a further time and a claim for reimbursement for any other indemnity payments to be made in the future.

WHEREFORE, UFCC requests the Court enter the following relief:

Judgment, declaration and decree that there is no coverage under the UFCC policy, whether for any defense or indemnity to Defendants in Intervention or the Involuntary Defendants in Intervention in the underlying suit.

UFCC further prays for an award of costs incurred in bringing this Complaint in Intervention, for all allowable interest and such other relief as is just.

Respectfully submitted,

CUDDY & McCARTHY, LLP


BY:  */s/ Scott P. Hatcher*
    Scott P. Hatcher, Esq.
    1701 Old Pecos Trail
    Santa Fe, NM  87502
    (505) 988-4476
    shatcher@cuddymccarthy.com
    *Attorneys for United Financial Casualty Company*

10

## CERTIFICATE OF MAILING

I hereby certify a true and correct copy of the foregoing document was sent electronically in accordance with the Rules of the United States District Court of New Mexico to all counsel of record on this 31st day of December, 2025.

/s/ Scott P. Hatcher
Scott P. Hatcher, Esq.

11