**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED FINANCIAL CASUALTY COMPANY,

     Plaintiff,

v.

A&R SERVICES, LLC; TODD M. LOPEZ, as Personal Representative of the Estate of Alberto Alvarez, Jr., Decedent; SANDRA ANCHONDO, Individually and as Next Friend of A.A., a minor; ANAHY ALVAREZ ANCHONDO; SUSAN PATTEN, as Personal Representative of the Estate of Israel Martinez, Decedent; MARY MARTINEZ, Individually and on behalf of M.M, A.O.M, and I.M.J, minor children; NITTY DANIELLA MARTINEZ; SPUR ENERGY PARTNERS, LLC; MICHAEL BISHOP, Individually and as agent for Spur Energy Partners; DOUGLAS BORING, Individually and as agent for Spur Energy Partners; KIPPER FOLMAR, Individually and as agent for Spur Energy Partners; RENE QUINTANA, Individually and on behalf of SDS Petroleum Consultants, LLC; SDS PETROLEUM CONSULTANTS, LLC; JOHN DOES I-V; JANE DOES VI-X; BLACK AND WHITE CORPORATIONS XI-XV; ABC PARTNERSHIPS XVI-XX; AND XYZ ORGANIZATIONS XXI-XXV,

     Defendants.

Case No. 2:25-cv-01321-MIS-JHR

## ORDER GRANTING IN PART AND DENYING IN PART WRONGFUL DEATH DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on the Wrongful Death Defendants' ("Defendants")

Motion to Dismiss ("Motion"), ECF No. 20, filed February 17, 2026.[1]  Plaintiff United Financial

---

[1]     The "Wrongful Death Defendants" include A&R Services, LLC, Todd M. Lopez, Sandra Anchondo, Anahy Alvarez Anchondo, Susan Patten, Mary Martinez, and Nitty Daniella Martinez.

Casualty Company ("UFCC") filed a Response on March 3, 2026 ("Response"), ECF No. 29, to which Defendants filed a Reply on March 17, 2026 ("Reply"), ECF No. 34. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT IN PART AND DENY IN PART** the Motion.

## I.    Background

UFCC filed this lawsuit under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), seeking a declaration that it owes no duty to defend and indemnify Defendant Spur Energy Partners LLC ("Spur") in connection with the deaths of Alberto Alvarez, Jr. and Israel Martinez. See Compl. ¶¶ 23, 34, ECF No. 1. It appears that the following facts are undisputed for purposes of the instant Motion.

### a.    Facts

Spur leased frac tanks from Defendant Gravity Oilfield Services LLC ("Gravity") at an oilfield site near Lovington, New Mexico. Compl. ¶ 24; Mot. at 2. After completing its use of the frac tanks, Spur contracted with non-party A&R Services, LLC ("A&R Services") to clean the tanks for return to Gravity. Compl. ¶ 24; Mot. at 2. It appears that Alvarez, Jr. and Martinez were the individuals responsible for cleaning the frac tanks on behalf of A&R Services. See Compl. ¶ 24; Mot. at 2. Tragically, on June 26, 2022, they were found dead of asphyxia by hydrogen sulfide inhalation inside one of the frac tanks. Compl. ¶¶ 23-24; Mot. at 2.

### b.    Insurance Policy

Prior to Alvarez, Jr. and Martinez's deaths, UFCC issued a commercial auto policy to A&R Services for the policy period of December 20, 2021 to December 20, 2022 ("Policy"). Id. ¶ 27. The Policy contains both general liability and commercial auto coverage parts. Id. ¶ 28. Under the commercial auto part, UFCC promises to pay damages for "bodily injury" for which an insured

becomes legally responsible because of an accident arising out of the ownership, maintenance or use of an insured auto. <u>Id.</u> ¶ 29. The commercial auto coverage part contains certain exclusions that may apply to avoid a duty of defense or indemnity in the underlying wrongful death lawsuit, including:

> 2. Contractual
> Any liability assumed by an insured under any contract or agreement, unless the agreement is an insured contract that was executed prior to the occurrence of any bodily injury…"
>
> However, this exclusion does not apply to liability for damages that an insured would have in absence of the contract or agreement.
> …
>
> 5. Employee Indemnification and Employer's Liability
> Bodily injury to:
> a.  An employee of any insured arising out of or within the course of:
>     (i)   That employee's employment by any insured; or
>     (ii)  Performing duties related to the conduct of any insured business;
> …
>
> This exclusion applies:
> a.  Whether the insured may be liable as an employer or in any other capacity; and
> b.  Any obligation to share damages with or repay someone else who must pay damages because of the injury.
> . . .
>
> 6. Fellow Employee
> Bodily injury to:
> a.  A fellow employee of an insured injured while in the course of their employment or while performing duties related to the conduct of your business.
> …
>
> 10. Pollution
> Bodily injury…resulting from or caused by the actual, alleged or threatened discharge, dispersal, seepage, migration, release, or escape of any pollutants:
> a.  That are, or that are contained in any property that is:
>     (i)   Being transported or towed by, handled, or handled for movement into, onto or from the insured auto.
>     (ii)  Otherwise in the course of transit by or on behalf of the insured; or

>     (iii)    Being stored, disposed of, treated or processed in or upon the insured auto;
>
> b.  Before the pollutants or any property in which the pollutants are contained are moved from the place where they are accepted by the insured for movement into or onto the insured auto; or
>
> c.  After the pollutants or any property in which the pollutants are contained are moved from the insured auto to the place where they are finally delivered, disposed of, or abandoned by the insured.
>
> The above paragraph a of this exclusion does not apply to fuels, lubricants, fluids, exhaust gases, or other similar pollutants that are needed for or result from the normal electrical, hydraulic, or mechanical functioning of the insured auto if:
>
> (1)    The pollutants escape, seep, migrate, or are discharged, dispersed, or released directly from an insured auto part designed by its manufacturer to hold, store, receive or dispose of such pollutants and is a part that would be required for the customary operation of the insured auto; and
>
> (2)    The bodily injury…does not arise out of the operation of any equipment listed in paragraphs b and c of the definition of auto.
>
> The paragraphs b and c of this exclusion do not apply to accidents that occur away from premises owned by or rented to an insured with respect to pollutants not in or upon an insured auto if:
>
> (1)    The pollutants or any property in which the pollutants are contained are upset, overturned, or damaged as a result of the maintenance or use of the insured auto; and
>
> (2)    With the discharge, dispersal, seepage, migration, release or escape of the pollutants is caused directly by such upset, overturn, or damage.
>
> …
>
> 13. Operations
>
> Bodily injury…arising out of the operation of:
>
> a.  Any equipment listed in paragraphs b and c of the definition of auto; or
>
> b.  Machinery or equipment that is on, attached to, or part of a land vehicle that meets the definition of mobile equipment.

Policy at 10-13, ECF No. 1-3 at 20-23. The commercial general liability part also contains certain exclusions that may apply to avoid a duty of defense or indemnity in the underlying lawsuit, including:

> 2.    Contractual Liability

4

Bodily injury for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

a.   That the insured would have in the absence of the contract or agreement.

…

5.      Employer's Liability
Bodily injury to:
a.   An employee of any insured arising out of or within the course of:
(i) That employee's employment by any insured; or
(ii) Performing duties related to the conduct of any insured's business; or
b.   The spouse, child, parent, brother or sister of that employee as a consequence of paragraph a above.

This exclusion applies:
a.   Whether the insured may be liable as an employer or in any other capacity; and
b.   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an insured contract.

6.      Aircraft, Auto or Watercraft

Bodily injury…arising out of:
a.   The ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by, or rented, leased or loaned to, any insured; or
b.   Any auto you do not own, lease, hire, rent or borrow that is used in connection with your business.

…

10.     Pollution
Bodily injury…that would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants at any time.

ECF No. 1-3 at 50-60.

5

### c.    Master Service Agreement

On January 8, 2020, A&R Services' predecessor company, AR Services, LLC ("AR Services"), entered into a Master Service Agreement ("MSA") with Spur for the provision of certain services relating to Spur's operations. See Mot. at 4; MSA, ECF No. 1-4. Pursuant to that agreement, AR Services agreed to "[d]efend, indemnify, and hold harmless" Spur against all personal injury or wrongful death claims brought by AR Services employees or subcontractors arising under the MSA. Mot. at 4; MSA ¶ 8(b). The MSA also required AR Services to name Spur as an additional insured on its commercial liability policy. Mot. at 4; MSA ¶ 6.

In 2021, Alvarez, Jr. and his wife, Sandra Anchondo, became the owners and operators of AR Services and renamed it A&R Services, LLC. Mot. at 5. In 2022, Spur requested that A&R Services enter into a new MSA. Id. The 2022 MSA contains the same terms as the 2020 MSA, but the 2022 MSA was apparently never signed. Id.

### d.    Underlying New Mexico and Texas lawsuits

On November 10, 2022, the Defendants in this case filed a wrongful death lawsuit against Spur, some of Spur's employees, and others in the First Judicial District Court for the County of Santa Fe, New Mexico, Case No. D-101-CV-2022-02140 ("New Mexico Wrongful Death Lawsuit"). See ECF No. 20-3. UFCC is defending Spur under a reservation of rights in that lawsuit. Compl. ¶ 26.

On November 23, 2022, Spur filed a declaratory judgment action in the 125th Judicial District Court of Harris County, Texas, Case No. 2022-76819 ("Texas Declaratory Judgment Action"), seeking a judicial determination that AR Services owes defense and indemnity obligations to Spur in connection with the New Mexico Wrongful Death Lawsuit pursuant to the parties' MSA. Mot. at 4; see also Texas Decl. J. Action First Am. Compl., ECF No. 29-2.

6

On May 6, 2025, UFCC filed a Motion to Intervene in the New Mexico Wrongful Death Lawsuit to assert a declaratory action regarding whether it is contractually obligated to defend and indemnify Spur in that case.  Mot. at 5; N.M. Wrongful Death Lawsuit Mot. to Intervene, ECF No. 20-12.  The New Mexico state court denied the motion, finding "that issue is already pending before the 125th District Court in Harris County, Texas[,]" and therefore the Texas court "has priority jurisdiction over the matters raised in the proposed Complaint-In-Intervention."  ECF No. 20-14 ¶¶ 2-3.  The New Mexico state court stated that UFCC "should seek to intervene in the Harris County action[,]" but "if the Harris County Court fails to determine the [coverage] issue . . . [UFCC] may re-file its Motion to Intervene with this court."  Id. ¶¶ 4-5.  It does not appear that UFCC moved to intervene in the Texas Declaratory Judgment Action.

### e.        This lawsuit

On December 30, 2025, UFCC filed this lawsuit seeking a declaration that it owes no duty to defend or indemnify Spur in the New Mexico Wrongful Death Lawsuit.  ECF No. 1.  The Complaint asserts that UFCC owes no coverage to Spur as an additional insured under the Policy, id. ¶ 22, and even if Spur is considered to be insured under the Policy, the Policy's exclusions "exclude coverage under the factual allegations and other circumstances in the underlying suit such that any coverage for purposes of defense or indemnity would be void[,]" id. ¶ 33.

On February 17, 2026, the Defendants filed the instant Motion to Dismiss.  ECF No. 20.  UFCC filed a Response, ECF No. 29, to which Defendants filed a Reply, ECF No. 34.

## II.    Legal Standard

 The federal declaratory judgment statute provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  "[D]istrict courts

are 'under no compulsion' to grant declaratory relief but have discretion to do so." United States v. City of Las Cruces, 289 F.3d 1170, 1180 (10th Cir. 2002) (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942)).

> The question for a district court presented with a suit under the Declaratory Judgment Act, the [Brillhart] Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc., 98 F.4th 1307, 1316 (10th Cir. 2024) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995)).  In State Farm Fire & Casualty Co. v. Mhoon, the Tenth Circuit espoused five factors district courts should consider when deciding whether to exercise jurisdiction to grant declaratory relief:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

31 F.3d 979, 983 (10th Cir. 1994) (citation omitted).  The first two Mhoon factors are often considered together.  See, e.g., Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc., 685 F.3d 977, 982 (10th Cir. 2012); see also St. Paul Fire & Marine Ins. Co. v. Jones, Civil Action No. 20-cv-0389-WJM-GPG, 2021 WL 5415869, at *3 (D. Colo. Nov. 19, 2021) (stating that the first two Mhoon factors "are best considered together").

## III.    Discussion

Defendants argue that the Court should abstain from issuing a declaratory judgment because whether UFCC owes Spur coverage requires a determination of facts that are disputed and being litigated in the New Mexico Wrongful Death Lawsuit.  Mot. at 9.  For example, how Alvarez,

8

Jr. and Martinez were exposed to hydrogen sulfide and who bears legal responsibility for it is relevant to whether the Contractual Liability exclusion applies, id. at 10-11; Martinez's relationship with A&R Services and the allocation of comparative fault are relevant to whether the Employer's Liability and Fellow Employee exclusions apply, id. at 11; what role the vacuum trucks—which are used to clean the frac tanks—played in Alvarez, Jr. and Martinez's deaths is relevant to whether their deaths arose out of the ownership, maintenance, or use of an insured auto triggering coverage under the Auto Coverage Part or, conversely, the CGL Coverage Part, id. at 12; and the source, mechanism, and timing of the hydrogen sulfide exposure is relevant to whether the Pollution Exclusion applies, id. at 13-14. Defendants further argue that allowing this action to proceed will impose an undue burden on the litigants and the courts, id. at 14-15, that this lawsuit constitutes procedural fencing and a race to res judicata, id. at 15-16, and any procedural disadvantage to UFCC is substantially outweighed by the prejudices and harm that will be suffered by Defendants, id. at 17. Thus, they ask the Court to dismiss the case or, alternatively, stay it until the underlying lawsuits resolve the factual issues. Id. at 18.

UFCC argues that declaratory relief does not require resolution of factual disputes at issue in the underlying lawsuits because an insurer's duty to defend is determined by the facts alleged in the underlying complaint, and "[i]f the allegations of a complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required." Resp. at 6 (quoting Bernalillo Cnty. Deputy Sheriffs Ass'n v. County of Bernalillo, 845 P.2d 789, 791 (N.M. 1992)). UFCC further argues that the Mhoon factors favor this Court's exercise of jurisdiction. Id. at 7-10. It notes that the New Mexico state court denied its motion to intervene in the wrongful death case, id. at 10, that it is not a party to the Texas Declaratory Judgment Lawsuit, and in any event that case does not involve whether UFCC owes coverage to Spur, id. at 11. UFCC argues that the New

9

Mexico state court "mis-applied the principle of 'Priority Jurisdiction' relative to the Harris County suit" because, for example, "[t]he Harris County suit does not address UFCC's policy defenses, nor does it even mention the UFCC policy language." Id. at 11-12.

In their Reply, Defendants argue that the Court cannot determine UFCC's coverage obligations based on the underlying complaint alone. ECF No. 34 at 2. Specifically, they argue that: (1) comparing the underlying complaint with the Policy can, at most, address the duty to defend, but not the duty to indemnify; and (2) even as to the duty to defend the complaint is not the sole source of information. Id. (citing Am. Gen. Fire & Cas. Co. v. Progressive Cas. Co., 799 P.2d 1113, 1116 (N.M. 1990)). They argue that the duty to defend "may evolve as litigation progresses and as additional facts come to light." Id. (citing Am. Gen. Fire & Cas., 799 P.2d at 1116; Pulte Homes of N.M., Inc. v. Ind. Lumbermens Ins. Co., 367 P.3d 869, 873 (N.M. Ct. App. 2015)); see also id. at 6-7. They argue that a coverage determination at this juncture would be premature. Id. at 3 (citations omitted). Defendants further argue that the Texas Declaratory Judgment Action provides a more appropriate forum for UFCC's claims, id. at 3-4, and this Court should not revisit the New Mexico state court's determination that UFCC should seek to intervene in that case, id. at 4. They further argue that this procedural posture supports a finding that UFCC is engaging in procedural fencing, id. at 5, and that the fact that UFCC is not a party in the underlying lawsuits is not dispositive under Mhoon. Id. at 7.

For the reasons that follow, the Court finds that the Mhoon factors weigh in favor of exercising jurisdiction over this declaratory judgment action, but that the case should be partially stayed to avoid friction with the New Mexico state court in the underlying wrongful death lawsuit.

**a.      First <u>Mhoon</u> factor: A declaratory judgment would settle the controversy**

As to the first <u>Mhoon</u> factor, this action will fully settle whether UFCC has a duty to defend and/or indemnify Spur with regard to the claims asserted in the New Mexico Wrongful Death Lawsuit.  Whatever the outcome, the controversy between UFCC and Defendants will be resolved. As such, this factor weighs in favor of exercising jurisdiction.  See <u>Liberty Mut. Pers. Ins. Co. v. Prutsman</u>, Civil Action No. 1:23-cv-02615-RMR-SBP, 2024 WL 3341002, at *6 (D. Colo. June 10, 2024) (finding that the first <u>Mhoon</u> factor favored exercising jurisdiction because "[w]hatever the outcome, the controversy between Liberty Mutual and Defendants concerning the duties to defend and indemnify in the Underlying Litigation will be resolved"); <u>N.H. Ins. Co. v. TSG Ski & Golf, LLC</u>, Civil Action No. 21-cv-01873-CMA-NYW, 2022 WL 1184547, at *4 (D. Colo. Apr. 21, 2022) (finding that the first <u>Mhoon</u> factor favored exercising jurisdiction because "the instant action would fully settle the controversy of whether Plaintiffs have a duty to defend or indemnify Defendants from the claims asserted in the Underlying Complaint").

**b.      Second <u>Mhoon</u> factor: A declaratory judgment would clarify the legal relations at issue**

For the same reason, the Court finds that the second <u>Mhoon</u> factor weighs in favor of exercising jurisdiction: a determination regarding UFCC's coverage obligations will undoubtedly serve a useful purpose in clarifying the legal relations at issue.  See <u>Addison Ins. Co. v. Rippy</u>, Civil Action No. 08–cv–00237–PAB–MJW, 2009 WL 723322, at *5 (D. Colo. Mar. 18, 2009) (finding that first two <u>Mhoon</u> factors weighed against dismissing or staying the case and recognizing that "because determining the duties of insurers represents an intended and important application of the Declaratory Judgment Act, adjudication by this Court of [the insurer's] claims would serve a useful purpose in clarifying the legal relations at issue in this case"); <u>see also</u> <u>Jones</u>,

2021 WL 5415869, at *3 (finding that the first two Mhoon factors weighed against staying the case); Prutsman, 2024 WL 3341002, at *6-7 (finding that the first two Mhoon factors weighed against dismissing or staying the case).

### 3. Third Mhoon factor: No indication of procedural fencing

As to the third Mhoon factor, the Court is unpersuaded that the procedural posture of this case supports a finding of procedural fencing. "[T]he court discerns no sinister motives on the part of [UFCC] by its utilization of a declaratory action to establish nonliability under the Policy—an approach long-recognized as 'one of the prime purposes of the Declaratory Judgment Act.'" Prutsman, 2024 WL 3341002, at *7 (quoting W. Cas. & Sur. Co. v. Teel, 391 F.2d 764, 767 (10th Cir. 1968)). "There is no evidence that Plaintiffs are using the federal claim to avoid a negative outcome in the state case, and a general assertion that Plaintiffs are trying to avoid further fact development does not rise to the level of procedural fencing." W. Am. Ins. Co. v. Atyani, 338 F. Supp. 3d 1227, 1233 (D.N.M. 2018). Indeed, the fact that UFCC first attempted to intervene in the underlying New Mexico Wrongful Death Lawsuit before filing this federal declaratory judgment action undercuts the argument that UFCC is engaging in procedural fencing or seeking an arena for the race to res judicata; it is simply looking for a forum to determine its coverage responsibilities now that the New Mexico state court has declined to do so.

The fact that UFCC chose not to move to intervene in the Texas Declaratory Judgment Action does not raise the Court's suspicions. In this regard, the Court respectfully disagrees with the New Mexico state court's finding that the Texas state court has priority jurisdiction over UFCC's coverage obligations. The elements of priority jurisdiction are:

(1) the two suits must involve the same subject matter or the same cause of action,
(2) the two suits must involve the same parties, (3) the first suit must have been

filed in a court of competent jurisdiction in the same state, and (4) the rights of the parties must be capable of adjudication in the first-filed action.

Cruz v. FTS Constr. Inc., 142 P.3d 365, 368 (N.M. Ct. App. 2006).   The Texas Declaratory Judgment Action does not involve the same subject matter as asserted here (or in the proposed complaint-in-intervention in the New Mexico Wrongful Death Lawsuit).   See Mot. at 5 (stating that the proposed complaint-in-intervention "is largely the same as the initiating complaint in this action").   The Texas case involves only whether AR Services and/or A&R Services owe a duty to defend and indemnify Spur under the terms of the MSA; it does not seek a declaration that UFCC owes a duty to defend of indemnify Spur under the terms of the Policy.   See Texas Decl. J. Action First Am. Compl. ¶ 35, ECF No. 29-2.   A determination that AR Services and/or A&R Services owe a duty to defend and indemnify Spur under the MSA will not answer whether UFCC owes a duty to defend and indemnify Spur under the Policy; the Texas court is not asked to determine whether Spur is an additional insured under the Policy or whether certain exclusions preclude coverage under the Policy.   See id.   Regardless, the Court finds nothing improper about UFCC pursuing a coverage determination in a federal forum rather than moving to intervene in the Texas action.

For these reasons, the Court cannot find that the third Mhoon factor weighs against exercising federal jurisdiction.

> **d.      Fourth Mhoon factor: A declaratory judgment may encroach upon state jurisdiction**

However, as to the fourth Mhoon factor, while the Court likely can determine UFCC's duty to defend Spur without creating friction with the New Mexico and Texas state courts, a determination as to UFCC's duty to indemnify would encroach upon the state court and is premature.

13

"The limitation that the fourth Mhoon factor places on the federal inquiry is that the federal action may not unduly interfere with the underlying state court action." Rippy, 2009 WL 723322, at *5. "Under Mhoon, a federal district court should stay or dismiss an anticipatory declaratory judgment action which requires the court to make a factual finding that likely will be made, and will be material, in the underlying state court action." Id. at *6.

"In New Mexico, the duty to defend is distinct from the duty to indemnify." Atyani, 366 F. Supp. 3d at 1274 (citing Found. Reserve Ins. Co. v. Mullenix, 642 P.2d 604, 605 (1982)). "The duty to defend is broader than the duty to indemnify and may exist 'even if [an insurer] can show in [a] collateral proceeding that it has no duty to pay under the terms of the policy.'" Id. (quoting Mullenix, 642 P.2d at 605). "The duty of an insurer to defend arises from the allegations on the face of the complaint or from the known but unpleaded factual basis of the claim that brings it arguably within the scope of coverage." Am. Gen. Fire & Cas., 799 P.2d at 1116.

However, "[a] court will 'leave[] for later' determination whether the insurer must indemnify the insured, because that 'ultimate determination is based on whether the insurer became legally obligated to pay damages because of a bodily injury . . . that does, in fact, fall under the policy coverage.'" Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 864 F. Supp. 2d 1157, 1193 (D.N.M. 2012) (quoting 12 Couch on Insurance § 172:2 (Supp. 2011)). Indeed, the determination of whether an insurer owes a duty to indemnify "requires the resolution of material facts by the" trial court. City of Albuquerque v. BPLW Architects & Eng'rs, Inc., 213 P.3d 1146, 1155 (N.M. Ct. App. 2009). Although "highly improbable[,]" a duty to indemnify may exist even if a duty to defend does not. See Valley Improvement Ass'n v. U.S. Fid. & Guar. Corp., 129 F.3d 1108, 1126 (10th Cir. 1997) (citing Culp v. Nw. Pac. Indem. Co., 365 F.2d 474, 478 (10th Cir. 1966)); see also Harbin v. Assurance Co. of Am., 308 F.2d 748, 750 (10th Cir. 1962) (observing that the New

14

Mexico Rules of Civil Procedure track the Federal Rules of Civil Procedure, and under the Federal Rules of Civil Procedure "the pleadings are not determinative of the issues, and . . . recovery may be had on grounds not asserted in the complaint"; therefore, "[t]he possibility that recovery in the state court action may be within the policy coverage cannot be ignored")).[2]

The Court finds that it likely can determine whether UFCC owes the duty to defend Spur without encroaching on the New Mexico or Texas state courts.  Specifically, the Court can determine—without resolving material facts at issue in the New Mexico Wrongful Death Lawsuit or the Texas Declaratory Judgment Action—whether (1) Spur is an additional insured under the Policy and, if so, (2) whether the allegations in the underlying complaint and the known, but unpleaded, factual basis of the claims brings it arguably within the scope of coverage.  The Court is unpersuaded that additional facts may be discovered that affect UFCC's duty to defend Spur.[3]

---

[2]    To the extent that the Tenth Circuit's interpretation of New Mexico law in Harbin and Valley Improvement are inconsistent with the Supreme Court of New Mexico's statement in Bernalillo County Deputy Sheriffs Association that "[i]f the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required[,]" 845 P.2d at 791, this Court is bound by the Tenth Circuit's interpretation of New Mexico law.  See Wankier v. Crown Equip. Corp., 353 F.3d 862, 866 (10th Cir. 2003) (stating that "when a panel of this Court has rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit, and on subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue").  This Court observes that in Farmers, Inc. v. Dal Machine & Fabricating, Inc., the Supreme Court of New Mexico cited Harbin with approval, stating: "The pleadings, however, are not dispositive of the issues, and recovery may be founded on other grounds not specifically stated in the complaint."  800 P.2d 1063, 1066 (N.M. 1990).  Thus, it appears that Harbin correctly interpreted New Mexico law.  See also G & G Servs., Inc. v. Agora Syndicate, Inc., 993 P.2d 751, 758 (N.M. Ct. App. 1999).

[3]    However, as this case progresses, the Court will revisit the appropriateness of a stay of the duty to defend issue as necessary.  See Liberty Mut. Fire Ins. Co. v. Qwest Corp., Civil Action No. 24-cv-02626-NYW-KAS, 2025 WL 2636547, at *8 (D. Colo. Sep. 12, 2025) ("As this case progresses, the Court will revisit the appropriateness of a stay or dismissal of Liberty's declaratory claims as necessary.  For now, though, the Court finds that it can resolve the threshold issues in this case and determine Liberty's duty to defend without encroaching on state court jurisdiction.") (citation omitted); N.H. Ins. Co. v. TSG Ski & Golf, LLC, Civil Action No. 21-cv-01873-CMA-NYW, 2022 WL 1184547, at *6 ("[W]hile the fourth Mhoon factor weighs against Defendants' requested relief at this stage, the Court agrees with other courts from this district that reconsideration of dismissal or a stay may be warranted if the case evolves such that the Court must make factual determinations that may affect the Underlying Case or prejudice Defendants.").

However, in order to determine whether UFCC owes the duty to indemnify Spur, the Court would have to determine whether certain Policy exclusions apply. To determine whether certain exclusions apply, the Court would have to determine how Alvarez, Jr. and Martinez were exposed to hydrogen sulfide and who bears legal responsibility for it. These findings will be made, and will be material, in the New Mexico Wrongful Death Lawsuit. Consequently, this factor favors abstaining until after the New Mexico Wrongful Death Lawsuit is resolved. See Valley Improvement, 129 F.3d at 1126 (holding, under New Mexico law, that "the duty to indemnify must be determined based on the facts as ultimately determined in the litigation against the insured").

e.     **Fifth Mhoon factor: Best way to proceed is to stay duty to indemnify issue and proceed with duty to defend issue**

Having found that resolution of UFCC's duty to defend would not improperly encroach on the New Mexico and Texas state courts, but that resolution of the duty to indemnify would be premature, the final Mhoon factor looks to whether there is an alternative remedy which is better or more effective. 31 F.3d at 983. The Court finds that exercising jurisdiction but bifurcating this action is the appropriate remedy. See C. H. Heist Caribe Corp. v. Am. Home Assur. Co., 640 F.2d 479, 483 (3d Cir. 1981) (holding that the insurer owed a duty to defend based on the allegations of the underlying complaint but that a determination on the duty to indemnify would be premature because "[a]ctual indemnification depends upon the existence or nonexistence of facts not yet established"). The Court will permit UFCC to file a dispositive motion limited to its duty to defend, and the Court will stay this action as to UFCC's duty to indemnify until after the New Mexico Wrongful Death Lawsuit has concluded.[4]

---

[4]     The Court's Standing Order Regarding Motions for Summary Judgment and Motions in Limine—which, inter alia, limits each party to filing one motion for summary judgment—is hereby vacated in part and solely to permit UFCC to file separate motions for summary judgment on the duty to defend and the duty to indemnify, if necessary after the New Mexico Wrongful Death Lawsuit has concluded.

16

## IV.   Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.   The Wrongful Death Defendants' Motion to Dismiss, ECF No. 20, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order;

2.   UFCC shall have until and including May 15, 2026, to file a dispositive motion regarding its duty to defend only; and

3.   This action is **STAYED** with regard to UFCC's duty to indemnify until the underlying wrongful death lawsuit had been resolved.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

17